UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEGENECH BAYOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEH JOHNSON, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-01553-KAW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>Re: Dkt. Nos. 19 & 23 |

Plaintiff Zegenech Bayou brings this case against Defendants United States Homeland Security Secretary Jeh Johnson, the United States Citizenship and Immigration Services ("USCIS") Director Alejandro Mayorkas, and Acting Director of the California Service Center Donna Campagnolo (collectively "Defendants"), seeking a Court order compelling USCIS to grant Plaintiff's I-130 petitions, thereby allowing her adopted children to live permanently in the United States.

Pending before the Court are the parties' cross-motions for summary judgment.  Having considered the papers filed by the parties and the administrative record, the Court GRANTS Defendants' motion for summary judgment, and DENIES Plaintiff's cross-motion for summary judgment.

## I.  BACKGROUND

On June 21, 2012, Plaintiff Zegenech Bayou filed petitions for an alien relative, Form I-130 on behalf of Etagegn Workinh Arega and Eyoub G. Giorgis Tesfaye. CAR 229-54.[1]  These

---

[1] All references to the certified administrative record ("CAR") relate to beneficiary Etagegn Workinh Arega, as the Government claims that it is nearly identical to the CAR for beneficiary Eyoub Giorgis Tesfaye, which was not filed in connection with the motion, but was provided to Plaintiff. (Decl. of Ila C. Deiss, Dkt. No. 19-1 ¶ 2.) This representation was not refuted by

applications detailed that Plaintiff arrived in the United States from Addis Ababa, Ethiopia in December of 2000, and became a United States citizen in January 2008. CAR 229, 240-42. Prior to arriving in the United States, Plaintiff claims to have adopted Etagegn Arega in 1996 and Eyoub Tesfaye in January of 1997 according to the customary adoption practice of the Ethiopian Orthodox Church. CAR 240-42. These adoptions were memorialized in July 2009. CAR 237-38.

On October 9, 2012, the United States Citizenship and Immigration Services ("USCIS") sent Plaintiff a Request for Evidence that addressed deficiencies in her petitions and advised that she submit additional evidence. CAR 224-27. Specifically, USCIS requested that Plaintiff clarify her relationship with the natural parents, and produce sufficient evidence establishing compliance with the two-year residency requirement. CAR 226-27. USCIS provided a list of examples of evidence sufficient to establish legal custody and compliance with the two year residency requirement. CAR 227. In April 2012, Plaintiff responded to the Request, and submitted a copy of the Revised Family Code, a copy of the Judgment of adoption with English translation, affidavits from petitioner and family friends, copies of the beneficiaries' school records, supporting letters from Bereket Shlu Lemma and Siyuom Haile Mariam, copies of money transmitted receipts, and copies of unidentified and undated photos. CAR 137-222.

On April 2, 2013, the USCIS, in denying Plaintiff's Form I-130 petitions for failure to establish legal custody and compliance with the two-year residence requirement, stated:

> The petitioner's and other submitted affidavits attest that she adopted the beneficiar[ies] in a 'customary process of the Ethiopian Orthodox Church and were not memorialized in writing.' No evidence or church record was submitted to support this claim. The beneficiar[ies'] school records did not list the parents' name, or the petitioner's signature [] appeared [sic] as a parent or guardian on these school records. When a petitioner is seeking to establish compliance with the two-year residence requirement, it must be shown that the petitioner physically resided with the adoptive child. The two-year residence requirement cannot be met via calling and talking over the phone. The petitioner did not submit sufficient evidence to establish that the two-year residence requirement has been met.

CAR 132-34.

Plaintiff.

2

On April 22, 2013, Plaintiff appealed USCIS's decision to the Board of Immigration Appeals ("BIA"), asserting that petitioner "submitted ample evidence to show that she resided with the beneficiary for two years." CAR 75-129.  Plaintiff also argued that the USCIS requested examples of evidence that are not common in Ethiopia, and therefore should not need to be produced. CAR 82.

On March 6, 2014, the BIA denied Plaintiff's appeal. CAR 1-4. The BIA determined that the I-130 petitions were properly denied, noting:

> While affidavits from friends and relatives have some probative value, the CSC Director reasonably afforded them limited weight. Furthermore, she correctly concluded that the remaining documentation submitted by the petitioner is insufficient to meet her burden of proof. While the petitioner submitted the beneficiary's school records in support of the visa petition, she is not listed as the parent or guardian and her signature does not appear on these documents. Moreover, she has submitted no other independent evidence to corroborate her claim, such as insurance policies, medical records, or other government documents. While a letter submitted in support of the visa petition notes that the petitioner is providing for the beneficiary by sending money, and receipts confirm that she has transferred money to her family in Ethiopia since coming to the United States, this evidence does not establish the requisite 2-year residence.

CAR 4. Thus, USCIS and the BIA determined that Plaintiff submitted insufficient evidence to establish that she resided with the children for two years prior to her immigration to the United States.

On April 3, 2014, Plaintiff filed the instant action.  On July 18, 2014, Defendants filed a motion for summary judgment. (Defs.' Mot., Dkt. No. 19.)  On August 15, 2014, Plaintiff filed a separate opposition and cross-motion for summary judgment. (Pl.'s Opp'n, Dkt. No. 21; Pl.'s Cross-Mot., Dkt. No. 23.)[2]  On August 28, 2014, Defendants filed a reply. (Defs.' Reply, Dkt. No.

---

[2] As an initial matter, Plaintiff should have filed a single motion captioned "Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment." Since the two sets of moving papers are virtually identical, however, the Court will only refer to the cross-motion for summary judgment, counsel's declaration in support of the cross-motion, and the attached exhibits. (Pl.'s Cross-Mot., Dkt. No. 23.) The Court notes that Plaintiff's opposition argues that there is a dispute of material fact that would preclude summary judgment, which contradicts her cross-motion. (Pl.'s Opp'n at 1.) The Court, however, resolves appeals of agency decisions on summary judgment through a limited review of the administrative record to determine whether the agency reached conclusions that were not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.,* 18 F.3d 1468, 1472 (9th Cir. 1994). As a result, this case shall be resolved by this motion and the Court will not otherwise reference the opposition.

1  26.) On September 5, 2014, Plaintiff filed a surreply, which must be stricken, because Plaintiff is not entitled to a surreply, and it was filed without leave of court. (Dkt. No. 27.)

## II. LEGAL STANDARD

### A. The Administrative Procedures Act ("APA")

Under the Administrative Procedures Act ("APA"), the agency's decision may be reversed only if the Court finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The standard is "highly deferential, presuming the agency action to be valid." *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000)). An agency decision should be upheld even if it is "of less than ideal clarity," so long as "the agency's path may reasonably be discerned." *Nw. Motorcycle Assoc. v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1478 (9th Cir. 1994) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Ins. Co.*, 463 U.S. 29, 43 (1983)).

A motion for summary judgment may be used to review agency administrative decisions within the limitations of the APA. *Nw. Motorcycle Ass'n*, 18 F.3d at 1481. A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In deciding whether to grant summary judgment in an APA challenge, the district court "is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). Indeed, the district court should only review the administrative record and "determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Proietti v. Levi*, 530 F.2d 836, 838 (9th Cir. 1976) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)); *Occidental Eng'g Co,*, 753 F.2d at 769.

### B. The Immigration and Nationality Act ("INA")

The Immigration and Nationality Act (the "INA") permits a United States citizen to file an immigrant petition on behalf of his/her child. *See* 8 U.S.C. § 1154(a)(1)(A)(i). The statutory definition of "child" includes "a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years." 8 U.S.C. § 1101(b)(1)(E)(i). Defendants' regulation requires that "the adoption took place before the beneficiary's sixteenth birthday," and that "[a] copy of the adoption decree, issued by the civil authorities, must accompany the petition." 8 C.F.R. § 204.2(d)(2)(vii).

### III. DISCUSSION

The facts of this case are essentially undisputed. The critical issue in this case is whether Plaintiff Zegenech Bayo resided with her adopted children, Etagegn Wrorkinh Arega and Eyoub G. Giorgis Tesfaye, for two years prior to the filing of the Form I-130 visa. 8 U.S.C. § 1101(b)(1)(3). Defendants move for summary judgment, arguing that the BIA's decision cannot be construed as arbitrary or capricious because USCIS and the BIA afforded the affidavits from friends and relatives limited weight, and determined that the remaining documentation was insufficient to meet Plaintiff's burden of proof that she resided with the beneficiaries for two years. (Def.'s Mot. at 6.)

In her cross-motion for summary judgment, Plaintiff argues that USCIS and the BIA (collectively "the Agency") acted arbitrarily and capriciously in excluding evidence provided by Plaintiff, specifically, letters from the local government in Ethiopia, photographs, school records, and affidavits from Plaintiff, her natural daughter, and two friends. (Pl.'s Cross-Mot. at 6-9.) Additionally, Plaintiff argues that the denials were arbitrary and capricious as they failed to consider the congressional purpose to keep bona fide families united. (Pl.'s Cross-Mot. at 9-10.)

As an initial matter, the Agency did not exclude Plaintiff's evidence because it was in the administrative record and was addressed in the decisions. Rather, Plaintiff appears to argue that the BIA did not adequately weigh the evidence. Since the evidence was not excluded, the Court will address whether the BIA's weighting of the evidence was arbitrary and capricious.

///

**A. Whether the weight given to Plaintiff's evidence was arbitrary and capricious.**

Since the evidence was not excluded, Plaintiff appears to argue that USCIS and the BIA failed to properly weigh the additional evidence provided by Plaintiff. (*See* Pl.'s Cross-Mot. at 6-9.)

### 1. Letters from the local government in Ethiopia (218-19, 221-22)

Plaintiff argues that she submitted two letters from local government offices that established that the adopted children lived with her prior to her immigration to the United States. (Pl.'s Cross-Mot. at 6.) Plaintiff claims that the January 1, 2011 letter from the local government of Kirkos Sub-City, Keble, confirms that Plaintiff lived with her adopted children in her home prior to her immigration. *Id.* While the letter does confirm that she sent support, it does not confirm that she resided with the children for two years. CAR 221. Specifically, the letter states that Plaintiff provides financially for the beneficiaries and that, "[i]n addition to visiting [Etagegn Arega] in 2003 and 2007, Mrs. Zegench Bayou had also raised him and [was] residing with him before she got a residence permit in a foreign country in 2001." CAR 221. The second letter, dated January 5, 2011, confirms that the birth mother does not live with the children, and that they reside more than 120 kilometers from her village. CAR 218.

Defendants argue that all the letters show is "that the children do not live with their birth mother and are supported financially by Plaintiff." (Defs.' Reply at 4.) The Court agrees, because the first letter does not state that Plaintiff resided with the children for two years, only that she resided with them for some unknown period of time prior to Plaintiff's emigration.

The Court notes that Plaintiff also claims that the BIA mischaracterized the letters as being from the Ethiopian Community & Cultural Center. (Pl.'s Cross-Mot. at 6; *see* CAR 4.) Plaintiff is correct. The letters are from the local governments in Ethiopia, but were translated by the Ethiopian Community & Cultural Center. This mischaracterization, however, is immaterial, because the letters do not establish the two-year residency requirement. They were also not excluded by the BIA, as evidenced by the mischaracterization, despite Plaintiff's contention to the contrary. (*See* Pl.'s Cross-Mot. at 6.)

Accordingly, the January 1, 2011 letter does not state that the children resided with

Plaintiff for two years prior to her emigration, and, therefore, the record supports the decision to deny the petitions.

### 2. Photographs (CAR 104-115)

Plaintiff contends that "Defendants acted arbitrarily and capriciously by excluding the photographs of [Plaintiff] and her children that were taken at [Plaintiff] and the [children's] residence while they were living together." (Pl.'s Cross-Mot. at 7.) Plaintiff contends that the photographs "have probative value in establishing that [Plaintiff] and the kids live[d] in the same residence when the kids were little" and "before she immigrated to the United States." *Id.*

Defendants' argue that "[w]hile the photographs might show the children had a loving relationship with Plaintiff, nothing in the undated photographs show the children resided with her when she lived in Ethiopia." (Defs.' Reply at 5.) Again, the Court agrees. The photographs alone do not indicate that the children resided with Plaintiff at all, let alone for two years.

### 3. Beneficiaries' school records (CAR 116-21)

Plaintiff argues that "USCIS and the BIA erroneously excluded the school records of her children stating that they do not show the name of the Petitioner as the guardian. Even if the school records do not show the name of the Petitioner as the guardian, the school records have probative value proving that the kids lived in Addis Ababa and went to school in Addis Ababa, and not in Aleltu where their birth mother resides." (Pl.'s Cross-Mot. at 7.) First, these documents are dated after Plaintiff emigrated and do not show that her adopted children resided with her in Ethiopia. *See* CAR 116-21. Also, as discussed above, Defendants do not contend that the children were residing with their birth mother. The issue is whether the two-year residency requirement was satisfied. As Defendants argue, there is no mention of Plaintiff in the school records. (Defs.' Reply at 5.) Therefore, the school records do not support Plaintiff's claim that she resided with the children for two years.

### 4. Affidavits from Plaintiff, her natural daughter, and two friends

Plaintiff contends that USCIS and the BIA "failed to give sufficient weight to the affidavits submitted by Petitioner." (Pl.'s Cross-Mot. at 8.) Plaintiff submitted four affidavits in support of her petitions, including her own. CAR 94-103. The BIA acknowledged that the affidavits had some

value and afforded them limited weight. CAR 4.

Plaintiff argues that the sworn affidavits "are acknowledged as primary evidence by the BIA" and are clearly an "acceptable means of establishing eligibility for benefits." *Id.* (citing *Matter of Pineda*, 20 I. & N. Dec. 70, 75 (BIA 1989) (Relevant evidence may include "notarized affidavits of friends, neighbors, school officials, or other knowledgeable associates.")). As an initial matter, none of the affidavits were notarized. Further, the affidavits of Plaintiff's natural daughter and two friends were virtually identical and did not provide the foundation for those individuals' personal knowledge, and, therefore, are not admissible evidence. *See* CAR 97-103. Indeed, they state that the children lived with Plaintiff for five years prior to her emigration, but do not explain how that affiant came to have that personal knowledge.

Notwithstanding, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997)(citations omitted). Plaintiff's affidavit is not supported by any evidence to show that she lived with the children for two years prior to her emigration. Thus, it is self-serving and is insufficient to create a genuine issue of fact. Moreover, the record supports the decision to deny the petitions due to the lack of evidence.

Accordingly, the affidavits alone are insufficient to carry Plaintiff's burden and the decision to deny the petitions must be afforded deference and be upheld.

In light of the foregoing, the Agency considered each piece of evidence in the record, and the record provided a rational basis for the Agency to conclude that Plaintiff did not meet her burden of proof. Therefore, the Agency did not act arbitrarily and capriciously.

**B. Whether the failure to consider the congressional purpose of keeping a bona fide family united was arbitrary and capricious.**

Lastly, Plaintiff contends that the Agency and the BIA's denials of Plaintiff's petitions were arbitrary and capricious because "they failed to consider the congressional purposes to keep bona fide families united." (Pl.'s Cross-Mot. at 9.) Plaintiff appears to argue that the denials were based on Plaintiff's "fail[ure] to submit documents that do not exist and are not common in the

country where the adopted children live." *Id.* Specifically, Plaintiff contends that "insurance policies, income tax records, social security records, [and] census records" are not common in Ethiopia. *Id.* Despite the alleged unavailability of certain types of documents in Ethiopia, Plaintiff could have provided other evidence to support her contention that she resided with the children for two years, including, but not limited to, notarized affidavits of witnesses with firsthand knowledge, letters from the local governments, or school records that predated her emigration. But Plaintiff failed to present such evidence.

Plaintiff cites to *Sook Young Hong v. Napolitano*, 772 F. Supp. 2d 1270, 1278 (D. Haw. 2011), in support of her apparent argument that the lack of supporting evidence to show that the two year residency requirement was satisfied should be overshadowed by "Congress's stated purposes of promulgating an immigration policy that accords liberal treatment to children and strives to keep bona fide families together." (Pl.'s Cross-Mot. at 9.) This reliance, however, is misplaced, as *Hong* is inapposite. In *Hong,* the adoption of the minor child was finalized three weeks after his birthday, but the state court exercised its discretion to amend the date of the minor's adoption to the date Hong had filed her I-130 petition, which was prior to his sixteenth birthday. *Id.* at 1271. The BIA refused to honor the amended, effective date of adoption, which the district court found to be arbitrary and capricious. *Id.* at 1281.

Here, there is no dispute regarding the effective date of adoption. The dispute, however, is whether Plaintiff furnished sufficient evidence to satisfy the two year residency requirement met. As provided above, the record provided a rational basis for the Agency and the BIA to conclude that Plaintiff did not meet her burden of proof.

## IV. CONCLUSION

In light of the foregoing, the Court hereby GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's cross-motion for summary judgment.

IT IS SO ORDERED.

Dated: January 27, 2015

KANDIS A. WESTMORE
United States Magistrate Judge

9